[Civ. No. 41315. Second Dist., Div. Five. Dec. 21, 1973.]

EDWARD F. RAYSINGER, JR., et al., Plaintiffs and Appellants, v. PEOPLES INVESTMENT AND LOAN ASSOCIATION, Defendant and Respondent.

Martin M. Berman and Schermer & Rand for Plaintiffs and Appellants.

Styskal, Wiese & Melchione and Alvin O. Wiese, Jr., for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—Plaintiffs appeal from the judgment of the trial court which sustained defendant's general and special demurrers to plaintiffs' second amended complaint without leave to amend.

In brief, the facts alleged in plaintiffs' second amended complaint are as follows: On November 6, 1970, defendant Peoples Investment & Loan Association (hereinafter, Peoples) loaned to plaintiffs the sum of $30,000. As security for the loan and contemporaneously with its making, plaintiffs gave to Peoples a security agreement (1) pledging certain furniture and appliances located in or about plaintiffs' apartment building in Los Angeles; (2) assigning rents to be realized from the same apartment building; and (3) giving Peoples a second trust deed on their equity in the apartment building. The note which evidenced the loan transaction provided for an interest rate of 18 percent per annum, which was clearly in excess of that

amount set forth in the Financial Code for loans under the Personal Property Brokers Law (§ 22451).[1] Subsequent to executing the note, plaintiffs defaulted; however, the default was cured and the note was paid in full. By their second amended complaint, plaintiffs seek declaratory relief and damages for injuries allegedly sustained by them due to the allegedly usurious rate of interest charged by defendant.

The gravamen of plaintiffs' complaint is that defendant was a personal property broker and in making the loan at the 18 percent per annum interest rate, violated the Personal Property Brokers Law of California (Fin. Code, div. 9, § 22000 et seq.); that the loan transaction as evidenced by the note, trust deed and chattel mortgage is void because it violates the usury prohibition found in the California Constitution (art. XX, § 22) and the Personal Property Brokers Law by reason of the fact that the loan transaction was not "bona fide" as that term is used in Financial Code section 22053; that the loan was structured in such a manner as to evade the strictures of the Personal Property Brokers Law; and that a part of the security obtained by Peoples for the note was real property.

Since this appeal arises from the sustaining of a general demurrer without leave to amend, we have examined plaintiffs' second amended complaint with particularity to determine whether a valid cause of action has been stated. (*Scott* v. *City of Indian Wells*, 6 Cal.3d 541 [99 Cal.Rptr. 745, 492 P.2d 1137].) We conclude that no cause of action has been stated on the facts set forth in the pleadings and the record; nor have plaintiffs indicated that they can successfully amend their pleadings to allege facts to support a valid cause of action.

With respect to plaintiffs' allegations that the loan was not "bona fide" and was made to evade the strictures of the Personal Property Brokers Law, the relevant provision (§ 22053)[2] was authoritatively con-

---

[1] Section 22451.1 now provides that a licensee may exact as an alternative to the charges authorized by section 22451 a rate not exceeding 1½ percent per month on the unpaid principal balance. This provision, however, did not become effective until November 23, 1970, which was subsequent to the date the instant loan was consummated.

[2] Section 22053, as of the date of the instant loan, provided: "The following sections of this division do not apply to any bona fide loan of a principal amount of . . . ($5,000) or more or to a duly licensed personal property broker in connection with any such loan, if the provisions of this section are not used for the purpose of evading this division: Sections 22004, 22005, 22404, 22405, 22450 [through] 22470, 22472 [through] 22474, 22480, 22607, 22650 [through] 22652."

Section 22053 was amended, effective subsequent to the date of the instant loan, so as to conform to the judicial interpretation in *West Pico Furniture Co.* v. *Pacific Finance Loans, infra.* The statute now reads: "The following sections of this division

strued by our Supreme Court in *West Pico Furniture Co.* v. *Pacific Finance Loans*, 2 Cal.3d 594, 608-610 [86 Cal.Rptr. 793, 469 P.2d 665], where the court stated: "In essence, section 22053 makes certain sections of the Act inapplicable to a special category of loans or to licensed personal property brokers in connection with such loans on the condition that section 22053 is not used for the purpose of evading the Act. The type of loan which thus becomes exempt from the specified restrictions and regulations of the Act and at the same time confers an immunity upon the broker connected with it is 'any bona fide loan of a principal amount of . . . ($5,000) or more . . . .' We agree with Pacific that this is one unitary and composite description which defines the exempted category. It is not bifurcated so as to require a two-step process in its application —first determining whether a loan is bona fide and then whether the loan thus found bona fide is $5,000 or more or is less than $5,000. As we read the language in context it means a bona fide $5,000 (or more) loan—in other words a loan which in principal *amount* is just what it purports to be. Whether the loan transaction is in the form of a sale of contracts or other 'paper' is irrelevant; the inquiry is directed to the transaction which is *in fact* a loan, no matter how it may be documented. . . .

". . . . . . . . . . . . . .

"Pertinent here also is *Riebe* v. *Budget Financial Corp.* (1968) 264 Cal.App.2d 576 [70 Cal.Rptr. 654]. That case, dealing with section 22053, stated that 'Section 22054, enacted in 1967, makes clear that the terms "bona fide" and "purpose of evading this division" used in section 22053 refer to the determination of the amount of the loan and not the character of the security given therefor. Section 22054 is consistent with a prior judicial interpretation of a provision similar to section 22053 contained in the Industrial Loan Law. (See *Peoples Finance & Thrift Co. of Beverly Hills* v. *Mike-Ron Corp., Inc.*, 236 Cal.App.2d 897 [46 Cal.Rptr. 497], interpreting [Financial Code] § 18649.)' (264 Cal. App.2d at pp. 582-583.) (Fn. omitted; italics added.)

---

do not apply to any loan *of a bona fide principal amount* of . . . ($10,000) or more, or to any commercial loan *of a bona fide principal amount* of . . . ($5,000) or more, or to any commercial loan made to a person engaged in the business of selling goods for the purpose of financing the purchase of goods for resale, or to a duly licensed personal property broker in connection with any such loan or loans, if the provisions of this section are not used for the purpose of evading this division: Sections 22004, 22005, 22404, 22405, 22450, 22451, 22451.1, 22453 [through] 22465, 22467 [through] 22470, 22472 [through] 22474, 22480, 22650 [through] 22652." (Italics added.)

"Section 22054, to which the court in *Riebe* referred, although added to the Act in 1967 and therefore after the loan transactions here involved, was expressly made 'declaratory of existing law and not amendatory thereof.' While this expression by the Legislature is not binding upon this court, nevertheless it 'is a factor that may properly be considered in correctly determining the meaning and effect of the sentence in question. [Citations.] . . . The subsequent legislation interpreting the statute construed, does not change the meaning; it merely supplies an indication of the legislative intent which may be considered together with other factors in arriving at the true intent existing at the time the legislation was enacted.' [Citation.] Having considered section 22054 together with other factors in our construction of that portion of section 22053 now engaging our attention we are satisfied that the term 'bona fide' as used therein refers to the *amount* of the loan and not the *form* in which the loan is made." (Italics original; fns. omitted.) The complaint before us is devoid of any factual allegation that the true sum of $30,000 was not received by plaintiffs. Indeed, plaintiffs admit that they did in fact receive that amount. Thus, the loan qualified under section 22053, and the exemptions therein set forth were fully applicable to this transaction, including the exemption from the maximum rate of charges allowable under the Personal Property Brokers Law (§ 22451).

The fact that real property was used as security for the loan does not operate to invalidate the transaction. Section 22009 provides: " 'Personal property broker,' includes all who are engaged in the business of lending money and taking in the name of the lender, or in any other name, in whole or in part, as security for such loan, any contract or obligation involving the forfeiture of rights in or to personal property, the use and possession of which property is retained by other than the mortgagee or lender, or any lien on, assignment of, or power of attorney relative to wages, salary, earnings, income, or commission." In the instant case, the pleadings conclusively show that Peoples took as security for the loan personal property in the form of a lien against the furniture and appliances in plaintiffs' apartment building. These items were clearly personal property, "the use and possession of which . . . is retained by other than the mortgagee or lender . . ." (§ 22009). Moreover, the assignment of rents was clearly an "assignment of income" in the broad sense in which that term is used in the Personal Brokers Law (§ 22009). (*Riebe* v. *Budget Financial Corp., supra,* 264 Cal.App.2d 576, 586.) Thus, the instant transaction was secured in part by qualified security under section 22009. The section 22466 prohibition against holding a real property lien as security for

a loan does not apply to transactions qualifying under section 22053.[3] Were we to accept plaintiffs' contention that section 22009 *affirmatively* proscribes the use of real property as security in all situations under the Personal Property Brokers Law, we would in effect nullify the section 22053 exemption which allows a licensee to take a lien upon real property as security for a loan. We cannot ascribe an intent on the part of the Legislature on the one hand to provide for an exemption from the section 22466 prohibition and, on the other hand, to nullify that exemption by application of a different provision of the code. Clearly, section 22009 is intended to prohibit those holding personal property brokers' licenses from relying solely upon the security of real property, "for so construed it might cause the classification of personal property broker to lose its distinctiveness." (*Budget Finance Plan* v. *Gamson,* 34 Cal.2d 95, 101 [207 P.2d 825].)[4] However, the language of section 22009 when read in conjunction with the language in sections 22053 and 22466 does not evidence an intent to preclude personal property brokers from relying *in part* on real property as security when the requirements of section 22053 have been satisfied. (*Budget Finance Plan* v. *Gamson, supra,* at p. 101.) As stated in *Riebe* v. *Budget Financial Corp., supra,* at pp. 587-588: "The use of the term 'in whole or in part' in the definition of personal property broker indicates an intention to include therein not only lenders whose security consists entirely of liens on the kinds of personal property enumerated therein, but also those whose loans are only partly so secured. [Citation.] In *Budget Finance Plan* v. *Gamson,* the Supreme Court upheld a judgment in favor of a personal property broker who had made a loan of $20,000 and taken as security therefor a chattel mortgage on two automobiles and household furnishings hav[ing] a combined value of $5,000 and a deed of trust on a parcel of real property. The borrowers argued that if personal property brokers are permitted to take real estate liens on loans over $5,000, as permitted by a 1945 amendment (now embodied in section 22053), 'the very basis

---

[3]Section 22053 as amended in 1970 (effective subsequent to the date the instant loan was made) does *not* include section 22466 within its list of exempted provisions. However, section 22466 as amended presently reads: "No licensee shall take a deed of trust, mortgage or lien upon real property as security for any loan of a principal amount of less than five thousand dollars ($5,000) made under this division, except such lien as is created by law upon the recording of an abstract of judgment."

[4]Plaintiffs have relied upon Justice Carter's dissent in *Budget Finance Plan* v. *Gamson, supra,* as supplying a logical approach to the instant questions raised. However, the regulation of personal property brokers' activities has been assumed by the Legislature, and the Legislature has made the determination by which we must abide: that the course of conduct engaged in by Peoples is *not* violative of the law.

upon which the classification and regulation of personal property brokers has in the past been sustained as reasonable would be removed and constitutional provisions prohibiting discriminatory legislation would be violated.' (34 Cal.2d at p. 100.) In discussing that contention the Supreme Court stated, 'However, the 1945 amendment is not to be construed as permitting those holding personal property brokers' licenses to lend solely on the security of real property liens, for so construed it might cause the classification of personal property broker to lose its distinctiveness. When read in conjunction with the definition to which we have referred, [the definition now embodied in section 22009] the 1945 amendment is found to be an authorization to licensees to take real estate security in part when making loans of $5,000 or more so long as the good faith requirements of the statute are satisfied.' (*Budget Finance Plan* v. *Gamson, supra*, 34 Cal.2d 95, 101.)"

Since plaintiffs' remaining contentions are premised upon the erroneous conclusion that the transaction in question did not meet the requirements of section 22053, and/or that Peoples could not take real property as partial security for the loan, we need not consider them.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.