[Civ. No. 45871. First Dist., Div. One. May 1, 1981.]

HAROLD HALL, Plaintiff and Appellant, v.
BENEFICIAL FINANCE COMPANY OF TRACY, Defendant and
Respondent.

COUNSEL

Alfred Nelson for Plaintiff and Appellant.

Ron Lane and Berry & Berry for Defendant and Respondent.

OPINION

HEALY, J.*—Plaintiff-appellant borrowed $10,299.41 from respondent on December 15, 1969. The obligation was formalized in a note calling for interest at the rate of 1½ percent per month (18 percent per annum) on the unpaid principal balance. Security consisted of liens on real property and furnishings, and an assignment of rents. The realty equity at that time was estimated at $18,900; the personalty at a value of $500.

On January 9, 1974, appellant brought suit to recover treble interest and brokerage fees paid to respondent, a California licensed personal property broker. The action was premised upon alleged violation of the usury laws. Appellant's thesis was that in taking as security a real prop-

*Assigned by the Chairperson of the Judicial Council.

erty lien valued arguendo at 38 times that of the personal property mortgaged, respondent lost or forfeited its constitutional and statutory exemption from compliance with laws limiting maximum interest otherwise chargeable.

Respondent moved for summary judgment in the trial court. The motion was granted. This appeal is from the judgment dismissing the action, entered on August 1, 1978.

"Usury" has been defined as "taking more than the law allows upon a loan or for forbearance of a debt." (Ballantine's Law Dict. (1931) p. 1324.) The word chiefly is used in an odious sense, to express an exorbitant or illegal compensation for money lent, in contradistinction to the return authorized by law, which we call "interest."

California has a constitutional provision (art. XV, § 1; formerly art. XX, § 22) and a quantity of legislation limiting the interest a lender may receive on a loan to a stated maximum of 10 percent per annum. The illegality of usury is wholly the creature of legislation. Both Constitution and statutes exempt certain organizations and individuals from usury law restrictions, for varying purposes and policies. Among those exempt are building and loan associations, industrial loan companies, credit unions, pawn and personal property brokers, banks, and designated agriculturally related nonprofit associations.

California Constitution article XV, section 1 and Financial Code section 22053 both exempt duly licensed personal property brokers under circumstances such as are here presented from the usury law restrictions. The exemption is constitutionally valid. (*Carter* v. *Seaboard Finance Co.* (1949) 33 Cal.2d 564, 583 [203 P.2d 758]; *West Pico Furniture Co.* v. *Pacific Finance Loans* (1970) 2 Cal.3d 594, 614 [86 Cal.Rptr. 793, 469 P.2d 665].)

I

*The Issue*

In this case appellant asks whether a personal property broker loses his exemption from usury restrictions when he makes a loan of more than $10,000, secured by both realty and personalty, if the former is worth 38 times the latter. Our answer, pursuant to present law, is in the negative.

## II

*The Precedents*

■ Both statutory and case law have established a right in personal property brokers to take interests in real property as partial security for loans above fixed minimums. (Fin. Code, § 22009; *Budget Finance Plan* v. *Gamson* (1949) 34 Cal.2d 95, 99, 101 [207 Cal.Rptr. 825]; *Riebe v. Budget Financial Corp.* (1968) 264 Cal.App.2d 576, 584 [70 Cal.Rptr. 654]; *Raysinger* v. *Peoples Inv. & Loan Assn.* (1973) 36 Cal.App.3d 248, 252 [112 Cal.Rptr. 163].)

Appellant acknowledges such law, but presses for a decision prescribing a limitation upon partial real property security which may be taken by a personal property broker, as compared with personalty pledged, in any one loan transaction. The prayer is not without appeal. In *Budget Finance Plan* v. *Gamson, supra*, 34 Cal.2d at page 101, the Supreme Court made a statement here pertinent: "However, the 1945 amendment [to Fin. Code, § 22009] is not to be construed as permitting those holding personal property brokers' licenses to lend *solely* on the security of real property liens, for so construed it might cause the classification of personal property broker to lose its distinctiveness." (Italics added.)

For lack of any holdings or enactments supporting a reversal here, we are asked to fall back upon "common sense" and to invalidate respondent's exemption because of the gross disparity between security values in the case. We read the request as a call for judicial legislation, which we must decline to draft.

The usury law, and its exemptions, as already noted, are the spawn of constitution and statute. Issues entailing desired amendments thereto should be addressed to consumer protection lobbies, the electorate or the Legislature, and not to the judiciary.

Every *legal* remedy need not be a *judicial* remedy. The separation of powers doctrine remains viable. It articulates a basic philosophy of our governmental system. Under it, generally speaking, no one of the three departments can or should exercise or interfere with the functions of either of the others. (Cal. Const., art. III, § 3.)

## III

*Summary Judgment*

Proofs adduced upon the motion for summary judgment having disclosed no triable issues of fact, and having manifested that no justiciable cause of action existed in favor of appellant, the granting was proper. The judgment is affirmed.

Elkington, Acting P. J. and Grodin, J., concurred.